### No. 228

### CLEVELAND LAUN. CO. v. FARKAS

No. 19585.   Supreme Court

On motion to certify.  Dock. Jan. 20, 1926; 4 Abs. 72.

941.  PRACTICE & PROCEDURE—May counsel, in the plea to the jury, read statements of facts and state the decision in cases which were decided in accordance with their contention?

Rudolph Farkas brought this action originally in the Cuyahoga Common Pleas against the Cleveland Laundry Co. for damages arising from a collision between a truck in which Farkas was riding and a truck driven by an employee of the Company.  It seems that Farkas, at the time of the accident was sitting on the floor of the truck with his feet on the running board and that he was injured by the collision of the two trucks.

Pursuant to the Company's request the court charged the jury on the law of contributory negligence and immediately thereafter counsel proceeded with argument to the jury. The following is alleged in substance:: Counsel for Farkas, over the Company's objection, read ostensibly to the court, but within the hearing of the jury, from memoranda, containing recitals of facts alleged to be similar to the case

at bar from decisions of other courts where the plaintiff recovered even though he had been in a similarly dangerous position, without any justification therefor and for the purpose of destroying the effect of the charge to the jury on contributory negligence.

The Common Pleas overruled the objection and was affirmed by the Court of Appeals.

The Company, on motion to certify, contends:

1. The special charge to the jury on contributory negligence was of no effect because of the reading of the memoranda, which, it is alleged, was highly prejudicial.

2. That reading of mere statements of facts is to be distinguished from the case where counsel reads law to the jury or to the court within the hearing and presence of the jury.

Attorneys—C. M. Horn and Dustin, McKeehan, Merrick, Arter & Stewart, for Company; Payer, Winch, Minshall & Karch, for Farkas; all of Cleveland.